**In re Roy H. JONES, Jr., Debtor.**

**Bankruptcy No. B86–32.**

United States Bankruptcy Court, N.D. Ohio, E.D.

March 22, 1988.

William H. Lukens, Rocky River, Ohio, for debtor.

Lee R. Kravitz, Weltman, Weinberg & Associates, Cleveland, Ohio, for CIT Financial Services.

Myron E. Wasserman, Cleveland, Ohio, Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter concerns the objection of Roy H. Jones (Debtor) to an allowance of a claim filed by C.I.T. Financial Services (CIT) against his estate. A hearing was held with notice having been made on all parties entitled thereto. Pursuant to Rule 7052, Bankr.R., the following constitutes the Court's findings and conclusions:

### II.

This is a core proceeding under provisions of 28 U.S.C. § 157(b)(2)(B), with jurisdiction further conferred under 28 U.S.C. § 1334 and General Order No. 84 of this District. The operational facts of this matter are undisputed. Two mortgage lenders, Broadview Savings and Loan (Broadview) and CIT held mortgages on certain real estate owned by the Debtor which were secured in the amounts of $33,766.16 and $26,784.00, respectively. The Broadview indebtedness was secured by a first mortgage, with the CIT indebtedness secured by a second mortgage on the Debtor's real estate. As a result of prepetition delinquencies in payments owed to the mortgage holders, foreclosure proceedings were commenced in the State court. Those proceedings were stayed by the Debtor seeking relief under Chapter 13. Subsequently, relief from the automatic stay was successfully sought by both mortgagees. At the renewed foreclosure proceeding, CIT purchased the subject real estate at Sheriff's sale for $46,000.00. In furtherance of that sale, the State court allocated and distributed $37,881.98 to Broadview, $2,193.75 to taxing authorities, $576.62 for court costs, $492.00 for costs retainer, and $5,236.45 to CIT.

CIT's initial claim against the Debtor's estate, filed in an amount of $26,546.55 was later withdrawn. A second claim, in the amount of $26,662.32, was filed by CIT as a deficiency claim. The Debtor's objection ensued therefrom.

### II.

The dispositive issues for the Court's determination are (1) whether a debtor mortgagor, following a duly conducted foreclosure sale, can compel an accounting; (2) whether a purchasing creditor at a foreclosure sale can validly claim a deficiency against a debtor's estate without a subsequent resale.

In support of his objection, the Debtor argues that CIT's deficiency claim

should be fully disallowed as no deficiency can be ascertained until CIT resells the property. CIT contends that its deficiency claim is valid and that no accounting is due the Debtor upon resale of the real estate. The propriety of the foreclosure sale is unchallenged. In fact, the Debtor conceded that it had a prepetition secured debt with CIT which was in default, and further conceded that the subject foreclosure proceeding occurred with CIT being the successful buyer. Thusly, the value of the real estate was duly established by the Sheriff's sale upon foreclosure. *In re Verna*, 58 B.R. 246, 14 B.C.D. 7 (Bankr.C.D. Cal.1986). That value was $46,000.00. Moreover, the sale was beneficial to the Debtor's estate by affording a pay-off of Debtor's first mortgage obligation, certain taxes, and attendant costs. Where no fraud or other irregularity is shown in connection with a foreclosure or the conduct of the foreclosure sale, a mortgagor has no right to compel a mortgagee to account for any profit made upon a subsequent resale. Annot., 117 A.L.R. 863, and the cases cited therein.

The effect of the foreclosure sale further established a liquidated value of CIT's claim in an amount of $26,546.55. Following distribution, CIT was left with a valid deficiency claim of $26,662.32 (including judgment interest at 16.5% from November 1, 1984). The fact that CIT was the purchaser at foreclosure sale does not diminish its right to claim a deficiency thereon, as the foreclosure sale price established the value of the property. A resale of that property is not required to further ascertain a deficiency.

Accordingly, the Debtor's objection is hereby overruled, and CIT's claim is allowed as an unsecured claim in the amount filed.

IT IS SO ORDERED.